# United States District Court Of New Jersey

Mack Edwards #540630
Mercer County Corr. Center
P.O. Box 8068
Trenton, New Jersey 08650

------------------------------------------------

Mack Edwards

    Plaintiff,

V.

Robert Billmeier, Michael Grillo,
Michelle Gasparian, Phyllis Oliver,
Charles Ellis

    Defendants

                      BY JURY.

------------------------------------------------

COMPLAINT

Case No.

RECEIVED

FEB 08 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

RECEIVED

FEB - 8 2017

Chambers of
Mary L. Cooper, U.S.D.J.

## Introduction

1. This is a civil rights action filed by Mack Edwards, A Plaintiff, for compensatory, punitive, and injunctive relief under 42 U.S.C. 1983, alleging the intentional misuse of criminal practice and procedure, and natural rights in violation of the objectively reasonableness and search and seizure under the 4th Amendment to the United Sates Constitution and Malicious Prosecution and in violation of the Due Process Clause of the 14th Amendment to the United States Constitution. The plaintiff also alleges negligence and tampering with evidence and Perjury.

2. This concerns what has been described and prohibited in the "Great Declaration of Independence" as "Abuse of Power."

3. The allegations given herein as examples illustrate a commingling of the evil intent to deprive plaintiffs' liberal right of the Due Process of Law.

4. The effects include members of Authority not providing court ordered restrictions and deprivations in writing from the courts which ordered it.

5. Members of Authority not adhering to court order to return Plaintiffs Discovery before trial.

6. Negligence displayed by Supervisors during Compulsory process and transfer to segregation unit.

7. False charges given by Agents and tampering with evidence and abuse of Power by Judicial officers.

8. The unlawful and unconstitutional access to legal counsel.

9. Not affording Plaintiff adequate tools and opportunity to prepare and assist in his own defense in the above mentioned criminal case.

### *Jurisdiction*

10. The Court has jurisdiction over the plaintiff's claim of violation of constitutional rights under 42 U.S.C. 1331(1) and 1343.

11. The court has supplemental Jurisdiction over the plaintiff's state law claims under 28 U.S.C. 1367.

### *Parties*

12. The plaintiff, Mack Edwards, was the detainee at the Mercer County Correctional Center, located at 1750 River Road, Lambertville New Jersey during the events described in this complaint.

13. Defendant Robert Billmeier at all relevant times were acting under Color of State Law as a Judge, employed by The Mercer County Courts, Criminal Division. He is sued in his individual capacity.

14. Defendant Michael Grillo at all relevant times were acting under Color of State Law is a Prosecutor employed by The Mercer County Prosecutors Office. He is sued in his individual capacity.

15. Michelle Gasparian at all times were acting under color of the State Law is a Prosecutor employed by the Mercer County Prosecutors Office. She is sued in her individual capacity.

16. Defendant Charles Ellis at all times were acting under Color of State Law is the Warden and responsible for the Custodian Ledger of evidence that was breached exhibited deliberate indifference to rights of plaintiff by failing to act on information indicating that unconstitutional acts were occurring and employed by The Mercer County Correctional Center. He is sued in his individual capacity.

17. Defendant Phyllis Oliver at all times were acting under Color of State Law is the Deputy Warden and by Direct Participation breached the Chain of Custody Ledger and Tampered with Evidence and employed by The Mercer County Correctional Center. She is sued in her individual capacity.

*Facts*

18. In or around January 2011 plaintiff was arrested by the Trenton Police on Murder charges. Plaintiff was subsequently placed in the Mercer County Correction Center on/or around March 2011. On October 4th 2016

an order was placed on the record by Defendant Judge Robert Billeier to remove Plaintiff from general population to the Detention floor at the Mercer County Correction Center. This order stemmed from the Mercer County Prosecutors Office charging Plaintiff with an additional charge of Witness Tampering.

19. Judge Billmeier sent an order to Warden: Charles Ellis and Deputy Warden Phyllis Oliver for them to place Plaintiff in solitary confinement and to suspend all his rights and privileges. (To include, but not limited to, Phone communications, visits, mail correspondences, both outgoing as well as receiving.

20. On October 6 and 16th of 2016 detective Mercello Masseroni on behalf of the Mercer County Prosecutors Office came to the Mercer County Correction Center and executed a warrant to search Plaintiffs cell. This Officer relieved the Plaintiff of all his personal effects, (including but not limited to) Mail, Pictures, and Discovery material in the above mentioned criminal case.

21. After Plaintiff complained on the record to Defendant Judge Robert Billmeier the Judge went on the record ordering the return of Plaintiffs Discoveries, finding that it was Unconstitutional to deny Plaintiff of his right to Discovery and inspection under [Brady]. Subsequent to this new order Warden Charles Ellis and/or Deputy Warden Phyllis Oliver and/or Defendant Mercello Masseroni never returned any of Plaintiffs Discovery even after numerous complaints by Plaintiff.

## *MISUSE OF FORCE*

22. Simultaneously, the order also granted limited visitations with Plaintiffs Daughter and no one else. Plaintiff did not want his Daughter to endure the process of entering a Jail surrounded by Officers and people (including but not limited to) Deputy Warden Phyllis Oliver, whom she doesn't know and isn't familiar with.

**10A:18-6.8   Visits from children**

(a) Children under the age of 18 shall not be permitted to visit unless accompanied by an adult family member of the child defined as a relative." (see N.J.A.C. 10A:18-6.3.)

(b) In unusual circumstances, exceptions to (a) above may be made by special approval of the Administrator or designee.

(c) The adult family member of the child shall be fully responsible for the supervision of the child and for obtaining any parental consent that may be necessary for the child to accompany said family member on the visit.

In (a), inserted an adult preceding family member and of the child preceding defined and amended the N.J.A.C. reference; in (b), substituted Administrator for Superintendent; in (c), inserted of the child preceding shall be responsible.

Amended by R.2008 d.141, effective June 2, 2008.

See: 39 N.J.R. 5043(a), 40 N.J.R. 3309(a).

In (c), inserted fully and substituted and for obtaining any parental consent that may be necessary for the child to accompany for accompanying.

23. None of these standards were considered during planning of these Visits. Deputy Warden Phyllis Oliver was addressed and informed of the standing regulations and/or standards required by above mentioned New Jersey Law as it pertains to a "family member". Even under subsections (b) Unusual Circumstances it is still clear that the child shall be escorted by a relative, i.e. Family Member.

24. Furthermore Plaintiff was denied the basic rights of human detainees under the law in this state, per 10A, and the United States Constitution.

25. The Plaintiff was afforded limited access to his own Attorney, all phone calls or visits had to be in the presence of Defendant Deputy Warden Phyllis Oliver.

26. Plaintiff was separated, segregated, and held in silence while the courts decided the course of Plaintiffs Criminal case. In doing so the courts, i.e. (Defendants in this case) Denied Plaintiff his rights under the fifth, six, and fourteenth amendment of the Constitution, The right to adequate counsel, and to participate in the preparation of his own defense.

27. Also Depriving Plaintiff of legal access and supplies. Plaintiff not being afforded the opportunity to receive both personal and legal mail was a violation of both State and Federal Laws. The law governing inmate mail reads as follows:

Reading and inspection of prisoner mail serves two purposes: (1) it prevents contraband from being smuggled into or out of an institution; and (2) it enables the prison authorities to detect plans for illegal activity namely escape. Thus, such action, at least for incoming mail, has uniformly been upheld by the courts.[10] However, the administrators refusal to mail correspondence that does not contain contraband or details of illegal schemes has been subject to judicial criticism. Under the traditional view, described in the preceding section, such a refusal is normally considered unreviewable. Under what we call the new approach, prison officials are judicially required to justify such actions. Thus, in *McNamara v. Moody*,[11] prison officials were held to have violated prisoner's constitutional rights by refusing to mail a letter to the prisoner's girlfriend. The court held that censorship must be limited to concrete violations such as escape plans, plans for disruption of the prison system or work routine, or plans for importing contraband.[12]

### 10A:18-2.15  Control of correspondence

(a) Except as established in (b) below, incoming correspondence which is withheld from an inmate shall be returned to the sender, together with a notice that the material has been found to violate the Department of Corrections rules governing correspondence.

(b) If the correspondence is withheld pursuant to N.J.A.C. 10A:18-2.14(a)4 for containing information which would be subject to criminal prosecution under the laws of New Jersey or the United States, the correspondence shall be turned over to the Special Investigations Division or Control Unit of the correctional facility for further action.

28. Defendants Warden Charles Ellis, and/or Deputy Warden Phyllis Oliver, and/or Detective Mercello Masseroni never returned any of Plaintiffs mail that was previously confiscated, nor did they, assuming that they operated in accordance with N.J.A.C. 10A:18-2.14(a), View all correspondences and return those considered non-threatening.

**10A:18-2.17   Procedure for handling correspondence removed from the inmate's possession**

(a) When correspondence violates one of the categories cited in N.J.A.C. 10A:18-2.14 and is removed from the inmates possession, the following action shall be taken:

1. The staff member who removes the correspondence from the inmate must submit a written report no later than the end of the shift to the shift commander identifying:

I. The correspondence removed;

ii. The inmates name and number from whom it was removed;

iii. The time and date of removal; and

iv. The category which the correspondence violates.

2. The decision of the staff member shall be reviewed by the shift commander.

3. The correspondence shall be returned to the inmate within 48 hours if the shift commander disagrees with the determination of the staff member.

4. The written report shall be initialed and returned to the staff member if the shift commander agrees with the determination.

5. The staff member shall provide the inmate, within 72 hours of the removal, with a written notice which identifies:

i. The correspondence removed;

ii. The reason for removing it; and

iii. The inmates right to appeal the removal.

29. None of this was followed, Plaintiff still has outstanding mail he wishes to recover, and those are just the ones that he knows about. Stopping his mail and not returning any of it to Plaintiff or sender is a direct violation of the New Jersey Code mentioned above.

### B. *Tampering with Evidence*

30. Now shortly after plaintiff was placed in Detention, Defendant Mercello Masseroni on behalf of the Mercer County Prosecutors office arrived at the Mercer County Correction Center and confiscated all personal property of plaintiff and logged it in the Custodian Ledger, i.e. Mail, Pictures, Legal Documents,

31. to wit, documents concerning family issues, personal issues and Discovery Material. By relieving Plaintiff of all of his personal affects, he was denied the right to communicate with his family.

32. Plaintiffs having his Discovery in his possession were crucial to his ability to aid and assist in his own defense. After being confiscated the Discoveries were then turned over to the Mercer County Prosecutors office to be utilized as Evidence in the States case of Witness Tampering. Plaintiffs Discoveries were in accordance with State Law and the removal of these Discoveries were a violation of Plaintiffs right to the 5th, 6th and 14th amendment rights.

### C. *Due process of Law*
### *Perjury*

33. Henceforth, an Investigation of an accusation of witness tampering which was overseen by Defendants Michael Grillo, Michelle Gasparian and Detective Mercello Masseroni on behalf of the Mercer County Prosecutors Office.

34. There was a State Grand Jury Investigation Proceeding conducted and a subsequent indictment on Tampering with a witness followed. Following a search and seizer of Discoveries from Plaintiffs Cell at the Mercer County Correction Center,

35. Discoveries that was prepared voluntarily by Counsel and in accordance with state law.

36. Allegations of witness Tampering was raised by the defendants which lead to the removal of Plaintiffs right to private communications with his Attorney, and while doing so the state marched on in their case.

37. Not allowing Plaintiff to view and research law and case law and parallel it to the States case (i.e. Discoveries) was in direct violation of Plaintiffs rights as a detainee and or accused, a free man, a human who stands underneath the United States Constitution.

**Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The Court applies a two-prong test to qualified immunity claims, determining "whether the facts that a plaintiff has . . . shown make out a violation of a constitutional right," and "whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (citation omitted). The Court may exercise its sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances. *Id.* at 223.**

38. In order to prevail on a claim brought pursuant to 42 U.S.C. 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution of the United States. Smoak v. Hall, 460 F.3d 768, 777 (6th Cir. 2006). When suing a law

enforcement officer, a plaintiff must also overcome the defense of qualified immunity, which shields government officials from civil liability unless they violate a clearly established constitutional or statutory right of which a reasonable person would have known. Id.

39. In determining whether an officer is shielded by qualified immunity, the Court uses a two-step analysis to determine: (1) when considering the allegations in a light most favorable to the injured, whether a constitutional right has been violated, and (2) whether that right was clearly established. Id.

40. A right is "clearly established" when the contours of the right are sufficiently clear, even if the specific action in question has never been held unlawful. Id. The relevant inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the specific situation he confronted. Law enforcement officials who reasonably but mistakenly

41. conclude that probable cause is present are entitled to immunity. Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991). The action's unlawfulness can be apparent from direct holdings, specific examples mentioned as prohibited, or from the general reasoning that the court employs. Feathers v. Aey, 319 F.3d 843, 848 (6th Cr. 2003). The Court first looks to Supreme Court decisions, then to decisions of the Sixth Circuit and district courts within the circuit, then lastly to decisions in other circuits. Buckner v. Kilgore, 36 F.3d 536, 539 (6th Cir. 1994).

42 The defendants in this case went above and beyond their duties and undoubtedly satisfy the two-prong test. According to 10A: 18-2.17

pertaining removal and handling of inmate correspondence, The defendants in this matter failed to follow these laws When they removed all of plaintiffs mail, both legal and personal.

43. Defendants Judge Robert Billmeier and Michael Grillo and Michelle Gasparian never supplied Plaintiff with a written copy of the order to relieve Plaintiff of his Right's, Privileges and Property.

44. Other than Defendant Warden Charles Ellis and Deputy Warden Phyllis Oliver's verbal command Plaintiff had no idea what the exact order entailed. And when Plaintiff addressed Defendant Warden Charles Ellis and Deputy Warden Phyllis Oliver concerning the illegalities of their actions, as it pertains to (but not limited to) the removal of Plaintiffs mail, Defendants only response was "Tell it to the Judge."

### D. CLAIM OF RELIEF

45. The actions of Defendant Judge Robert Billmeier in using unlawful and excessive tactics against plaintiff without need or provocation constituted the tort of Cruel and Unusual Punishment under New Jersey Law.

46. The actions of Defendants Michael Grillo, Michelle Gasparian in using illegal tactics against plaintiff without need or provocation, or in failing to intervene to prevent the misuse or unconstitutional treatment of plaintiff were done with malicious intent and without objectively reasonableness in violation of the 4th Amendment of the United States Constitution.

47. The actions of Defendants Michael Grillo and Michelle Gasparian and Detective Mercello Masseroni by falsifying a claim of tampering with witness denied the plaintiff his 6th Amendment right to counsel, and Due Process of Law of the fourteenth Amendment and free from unreasonable searches and seizure constituted violation of the 4th Amendment of the United Sates Constitution.

## *Negligent Failure to Protect.*

48. Defendants Charles Ellis and Phyllis Oliver owed plaintiff a duty of reasonable care and protection. Both defendants Failed to act on information indicating that unconstitutional acts were occurring while supervising constituted Negligence at The Mercer County Correction Center. In their Failure to Protect Plaintiff from unjustified acts or orders they denied him his rights under New Jersey 10A, thus denying him Due Process of Law of the 14th Amendment to the United States Constitution.

49. Defendants also failed to uphold the standards when dealing with minors in a Jail or correctional facility, thus failing to offer the child proper care in accordance with New Jersey's 10A law.

50. The actions of Defendants Charles Ellis and Phyllis Oliver by failure to act and observe the standard of care require by law without need or provocation while supervising constituted the tort of negligence under New Jersey Law.

## *RELIEF REQUEST*

WHEREFORE, Plaintiff request that this Court grant the following relief,

    A. Issue a declaratory judgment stating that:

    1. The Unconstitutional Acts against the plaintiff by Defendant Robert Billmeier, when he ordered the search and removal of all Plaintiffs personal belongings and removed and replaced plaintiffs' Counsel without merit violated plaintiff's rights under the 4th, 5th, 6th and 14th Amendments to the United States Constitution and constituted a gross miscarriage of Justice.

    2. Defendants Michael Grillo and Michelle Gasparian failure to take action to curb the miscarriage of Justice which violated the plaintiffs rights under The 4th Amendment objectively unreasonableness and Due Process of Law of the 14th Amendment of the United States Constitution, and vindictive Prosecution.

    3. Defendants Michael Grillo and Michelle Gasparian and Mercello Masseroni's actions to tamper with evidence, statements that were made voluntarily by Mr. Alfonso Slaughter violated plaintiff rights under the Due Process Law of the 6th and 14th Amendment and unreasonable search and seizure under the 4th Amendment to the United States Constitution.

    4. Defendants Charles Ellis and Phyllis Olivers failure to act on information indicating unconstitutional acts were committed while supervising constituted negligence and misconduct. They both broke the Laws of the State and Country when they failed to follow the Laws that Govern the Facility they were put in charge of. Thus violating the Laws of the land and the great Constitution in which our liberty stand. As well as a failure to curb or to prevent the breach of chain of custody as it pertains to Plaintiffs mail, violated Plaintiffs rights under the Due Process Law of the 14th Amendment to the United Sates Constitution.

B. Issue an injunction ordering Defendants Grillo and Gasparian, and their agents;

    1. Immediately inform the Superior Officer presiding over the Criminal matter about all misconducts that occurred during this Investigation.

    2. Remove all perjured testimony from the records of the Grand Jury Proceeding in the Tampering with a Witness case.

    4. Remove tampered evidence and all derivative evidence that was recovered for the violation involving defendants Grillo, and Gasparian.

    6. Defendant Charles Ellis and Phyllis Oliver to document how the chain of custody was breached and for what reasons.

C. Award compensatory damages in the following;

    1. $50.000 against Defendant Charles Ellis for Mental anguish and emotional injury sustained as a result of plaintiff being held without any communication with his family.

    2. $50,000 jointly and separately against Defendant Phyllis Oliver, and Charles Ellis for the punishment and emotional injury resulting from tampering with evidence and perjury.

D. Award punitive damages jointly and severally against;

    15,000 each against defendants Michael Grillo and Michelle Gasparian.

February 1, 2018

Respectfully Submitted,

Mack Edwards