IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MACK EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BILLMEIER, et al.,<br><br>Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 18-1857 (AET-LHG)<br><br>**OPINION** |

APPEARANCES:

Mack Edwards, Plaintiff Pro Se
243036E
Northern State Prison
PO BOX 2300
168 Frontage Road
Newark, NJ 07114

RECEIVED

OCT 1 9 2018

AT 8:30 3:15pm
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

**I. INTRODUCTION**

Before the Court is Mack Edwards' ("Plaintiff") civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed. Plaintiff shall be granted leave to file an amended complaint.

## II. BACKGROUND

Plaintiff brings this civil rights action against New Jersey Superior Court Judge Robert Billmeier, Assistant Mercer County Prosecutor Michael Grillo, Assistant Mercer County Prosecutor Michelle Gasparian, Detective Mercello Masseroni, Mercer County Correctional Center ("MCCC") Warden Charles Ellis, and MCCC Deputy Warden Phyllis Oliver. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff states he was arrested by the Trenton Police on murder charges in January 2011. Complaint ¶ 18. He was placed in the MCCC in approximately March 2011. *Id.* According to Plaintiff, Judge Billmeier ordered Plaintiff to be removed from general population on October 4, 2016 as the Mercer County Prosecutor's Office had charged him with witness tampering. *Id.* Plaintiff alleges Judge Billmeier ordered him to be placed in solitary confinement and for his phone communications, visits, and incoming and outgoing mail to be suspended. *Id.* ¶ 19.

Plaintiff's cell was searched by a Mercer County Prosecutor's Office detective pursuant to a warrant on October 6 and 16, 2016. *Id.* ¶ 20. The detective seized discovery material from Plaintiff's criminal case in addition to all of Plaintiff's personal effects. *Id.* Plaintiff complained to Judge Billmeier, and the judge ordered the return of the discovery material. *Id.* ¶ 21. Plaintiff states he never received any of the material back from the prosecutor's office or the MCCC. *Id.*

Plaintiff alleges that Judge Billmeier's order only permitted visits from Plaintiff's daughter. The order did not permit any other family member to accompany her. *Id.* ¶ 22. He further alleges he was only afforded limited access to his attorney and all phone calls and visits had to be conducted in Deputy Warden Oliver's presence. *Id.* ¶¶ 24-25.

He also makes various allegations about being denied access to the courts due to insufficient legal supplies, access to his attorney, and interference with his legal mail. *Id.* ¶¶ 26-28. He asserts Warden Ellis and Deputy Warden Oliver confiscated his mail and did not comply with prison procedures regarding confiscated mail. *Id.* ¶¶ 28-29. He further claims personal items were seized from his cell and were used as evidence in his trial. *Id.* ¶¶ 30-32.

Plaintiff raises claims of malicious prosecution, unlawful search and seizure, interference with his access to the courts, perjury, and negligent failure to protect. In addition to monetary damages, he asks the Court to order the Mercer County Prosecutor's Office to "[r]emove all perjured testimony from the records of the Grand Jury Proceeding in the Tampering with a Witness case" and "[r]emove tampered evidence and all derivative evidence that was recovered for the violation involving defendants Grillo, and Gasparian." *Id.* at 13(B)(2) & (4)

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(b) because Plaintiff is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

>deprivation of any rights, privileges, or immunities secured by the Constitution
>and laws, shall be liable to the party injured in an action at law, suit in equity,
>or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

### A. Judicial Immunity

Plaintiff's claims against Judge Billmeier are clearly barred by judicial immunity.[2] "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. at 11, 9, 112 S. Ct. 286 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

---

[2] The relief portion of the complaint only requests a declaratory judgment that Judge Billmeier's conduct was unconstitutional. "The purpose of a declaratory judgment is to 'declare the rights of litigants.' The remedy is thus by definition prospective in nature." *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 628 (3d Cir. 2013) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Plaintiff "cannot obtain declaratory relief for past alleged wrongs." *Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014). The Court liberally construes Plaintiff's pro se complaint as requesting damages from Judge Billmeier.

5

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his [or her] judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Judge Billmeier's order was issued in the context of Plaintiff's criminal trial and in response to charges of witness tampering. This order "was a judicial act not undertaken in the complete absence of jurisdiction." *Gallas*, 211 F.3d at 772. All claims against Judge Billmeier are dismissed with prejudice.

**B. Malicious Prosecution**

Plaintiff asserts claims of malicious prosecution against Assistant Prosecutors Grillo and Gasparian as well as Detective Mercello Masseroni for "falsifying a claim of tampering with [a] witness . . . ." Complaint ¶ 46.

Assistant Prosecutors Grillo and Gasparian are immune from suit under § 1983 for malicious prosecution. The Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "This is true even where a prosecutor has acted maliciously or dishonestly." *Mujaddid v. Wehling*, 663 F. App'x 115, 119 (3d Cir. 2016). Although prosecutors are not entitled to absolute immunity for actions taken in their administrative or investigatory roles, Plaintiff's malicious prosecution claims against Assistant Prosecutors Grillo and Gasparian are clearly for actions taken in their "quasi-judicial" roles as he

alleges they "falsif[ied] a claim of tampering with witness . . . ." Complaint ¶ 46. The claims are dismissed with prejudice as against the assistant prosecutors.

Plaintiff has failed to state a malicious prosecution claim against Detective Masseroni. To prevail on a § 1983 malicious prosecution claim, Plaintiff must set forth facts indicating Detective Masseroni (1) initiated a criminal proceeding; (2) the criminal proceeding ended Plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) Detective Masseroni acted maliciously or for a purpose other than bringing Plaintiff to justice; and (5) Plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See Woodyard v. Cty. of Essex*, 514 F.App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)).

Here, it is not clear that criminal proceedings have ended in Plaintiff's favor, and there are no facts indicating Detective Masseroni acted maliciously and without probable cause. As Plaintiff may be able to correct these deficiencies, this claim is dismissed without prejudice.

## C. Access to the Courts

Plaintiff raises various allegations about defendants interfering with his access to the courts by denying him the use of the law library, "tampering" with evidence, seizing his discovery materials, etc. Plaintiff has failed to allege enough facts to state a claim for denial of access to the courts. An access to the courts claim requires a plaintiff to plead facts indicating "he has suffered an actual injury to his ability to present a claim. A prisoner can show an actual injury only when a nonfrivolous, arguable claim is lost." *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 352–54 (1996)). Plaintiff has not alleged how defendants' actions directly caused him to lose either a nonfrivolous criminal or civil rights matter. Moreover, he has not stated how no

7

other remedy "will potentially compensate for the lost claim." *Henry*, 500 F. App'x at 117 (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)).

As Plaintiff may be able to allege facts that would state an access to the courts claim, the Court will grant leave to amend this claim.

**D. Fourth Amendment and Due Process**

To the extent Plaintiff attempts to raise an unlawful search and seizure claim under the Fourth Amendment for the confiscation of his property, he has failed to state a claim.

"Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). An exception exists when "the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* at 547 (quoting *Leon*, 468 U.S. at 923). "[T]he threshold for establishing this exception is a high one[.]" *Id.* Plaintiff has not provided any facts suggesting the warrant used to seize his property was based on an obviously deficient affidavit.

Plaintiff also has not stated a Due Process violation for failure to return any of his property. "In order to determine whether an individual has been deprived of his property without due process 'it is necessary to ask what process the State provided, and whether it was constitutionally adequate.'" *Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 138 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). Plaintiff "cannot prevail on his due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate." *Id.* at 139.

New Jersey state law provides several different procedures by which to either recover seized property, *see, e.g.*, N.J. Ct. R. 3:5–7 (motion for return of wrongfully seized property in criminal case); N.J. Ct. R. 4:61–1 (writ of replevin), or to be compensated for the value of lost property, *see, e.g.*, N.J. Stat. Ann. § 59:1-1 et seq. (New Jersey Tort Claims Act). Plaintiff "has failed to explain why New Jersey's state procedures to recover ... seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin, are insufficient." *Revell*, 598 F.3d at 139 (citing *State v. One 1986 Subaru*, 576 A.2d 859 (N.J. 1990)). *See also McKenna v. Portman*, 538 F. App'x 221, 225 (3d Cir. 2013) (affirming dismissal of due process claim because state's failure to provide affidavit in support of search warrant did not prevent plaintiffs from using state court remedies for seized property). Because there are multiple, adequate state post-deprivation remedies available to Plaintiff, he has not stated a federal due process claim against defendants.

**E. Perjury**

Plaintiff alleges perjury in connection with the grand jury proceedings. Complaint ¶¶ 33-36. In addition to the allegations being vague, there is no claim under 42 U.S.C. § 1983 for perjury.

**F. Failure to Intervene**

The last of Plaintiff's federal claims is a failure to intervene claim against Assistant Prosecutors Grillo and Gasparian. Although "there is no case law in the Third Circuit holding a prosecutor liable for a failure to intervene in the conduct of police officers, there is case law supporting this premise in at least one other jurisdiction." *Weimer v. Cty. of Fayette, Pa.*, No. 17-1265, 2018 WL 4404049, at *13 (W.D. Pa. Sept. 14, 2018) (citing *Serrano v. Guevara*, 315 F. Supp. 3d 1026, 1038 (N.D. Ill. 2018); *Harris v. City of Chicago*, No. 15-3859, 2015 WL

5445012, at *4 (N.D. Ill. Sept. 15, 2015)). However, Plaintiff has not supported his claim with any facts. To plead a failure to intervene claim, Plaintiff must plead facts indicating that: (1) the defendant failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was a "realistic and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 650–51 (3d Cir. 2002). Nothing in the complaint indicates the assistant prosecutors were aware of any alleged constitutional violations by other defendants and failed to intervene despite having a realistic opportunity to do so.

This claim is dismissed without prejudice.

### G. State law claims

The Court declines to exercise supplemental jurisdiction over any remaining state law claims as all federal claims are being dismissed. 28 U.S.C. § 1367(c)(3).

### H. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). As Plaintiff may be able to provide facts supporting his allegations, he may move to amend his complaint within 30 days of this Opinion and Order.

Plaintiff should note that when an amended complaint is filed, the complaint no longer performs any function in the case and cannot be utilized to cure defects in the complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The amended complaint may adopt some or all of the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to

file an amended complaint that is complete in itself. *Id.* Plaintiff's new complaint may not include claims that were dismissed with prejudice.

## V. CONCLUSION

For the reasons stated above, the complaint is dismissed. Plaintiff may move to amend his complaint within 30 days.

An appropriate order follows.

10/19/18
Date

ANNE E. THOMPSON
U.S. District Judge